UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VIANEY HERNANDEZ-DIAZ,
Petitioner,
v.
PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigrations and Customs Enforcement, et al.,
Respondents.

Case No.: 26-CV-4261 JAO (GC)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Vianey Hernandez-Diaz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Also before the Court is Respondents Patrick Divver's (Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement ("ICE")), Christopher J. LaRose's (Warden of Otay Mesa Detention Facility), and the Department of Homeland Security's ("DHS") (collectively, "Respondents" or the "Government") Return to the Petition (ECF No. 4).

For the following reasons, the Court **GRANTS IN PART** the Petition.

**BACKGROUND**

Petitioner is a citizen of Mexico who has been in immigration detention since July 22, 2026. *See* ECF No. 1 ¶ 16. He has not received a bond hearing because Immigration

Courts have taken the position that they lack jurisdiction to order release of people held pursuant to 8 U.S.C. § 1225(b). *See id.* ¶ 6.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

Petitioner argues that he is entitled to a bond hearing as a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) ("*Bautista*"). *See* ECF No. 1 ¶¶ 1–2. Respondents concede that Petitioner appears to be a member of the *Bautista* class. *See* ECF No. 4 at 1. And while the Ninth Circuit stayed the application of *Bautista* beyond the Central District of California, Respondents recognize that courts in this district have ordered bond hearings in similar cases. *See id.* "Respondents therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.*

The Court concludes that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025); *Garcia Garcia v. Mullin*, 2026 WL 1303159, at *1 (S.D. Cal. May 12, 2026) (acknowledging *Bautista* and ordering bond hearing).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** the Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.[1] If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Court **DENIES** Petitioner's request for release from detention without prejudice but notes that if Respondents do not give Petitioner an adequate bond hearing, the Court may order release in the future. *See, e.g.*, *Singh v. LaRose*, 2026 WL 1387428, at *5–6 (May 18, 2026); *Perez Velasquez v. Bondi*, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026). The Parties **SHALL** file a Joint Status Report by September 2, 2026, informing the Court of the outcome of the hearing.[2]

**IT IS SO ORDERED.**

Dated: August 18, 2026

Jill A. Otake
United States District Judge

---

[1] *See, e.g.*, *Barrera v. LaRose*, 2026 WL 475358, at *1 n.3 (S.D. Cal. Feb. 19, 2026) (concluding that the Government bears the burden on a bond hearing of a *Bautista* class member).

[2] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 9. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. *See* 28 U.S.C. § 2412(d)(1)(B).